

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RODOLFO AVILA PICHARDO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0036 |
| | § | |
| UNITED STATES IMMIGRATION, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY MOTION and DISMISS CASE

On or about October 12, 2000, petitioner RODOLFO AVILA PICHARDO was convicted, in the 203rd Judicial District Court of Dallas County, Texas, of the felony offense of aggravated sexual assault and was sentenced to twenty-seven (27) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). From his motion, it appears petitioner, at some point, was ordered to be deported from this country. Petitioner is presently confined, pursuant to his Dallas County conviction and sentence, at the Dalhart Unit in Hartley County, Texas.

Petitioner PICHARDO initiated this proceeding on January 29, 2009 by filing a pleading entitled "Defendant's Motion for Speedy Deportation."[1] By this pleading, petitioner complains of the effects of the United States Immigration and Naturalization Service (INS) detainer lodged

---

[1]Petitioner did not utilize the habeas corpus form petition adopted by the federal courts for the Northern District of Texas.

against him and appears to request this Court order petitioner's immediate release from TDCJ-CID, and immediate transfer to the INS for deportation. Petitioner states he is agreeing to voluntarily depart the United States at his own expense under INA § 240B (8 U.S.C. § 1229c).

I.
EXHAUSTION

To obtain immediate deportation from the United States to his home country, petitioner must first obtain release from TDCJ-ID. Petitioner has not shown he has exhausted available state court remedies in seeking his release from state custody. This Court may, however, deny an unexhausted habeas petition. *See* 28 U.S.C. § 2254(b)(2). It is the opinion of the Court that petitioner is not entitled to any relief and that this case should be heard rather than dismissed for failure to exhaust state court remedies.

II.
MERITS

Other than his desire to avoid serving the twenty-seven (27) year sentence and the effects, if any, of the INS detainer on the service of that sentence, petitioner has not provided the Court with any legal basis warranting his immediate release from TDCJ-CID, nor has he cited any legal authority authorizing this Court to order his immediate release from TDCJ-CID. Petitioner has not challenged his underlying conviction and sentence in any manner. He has been lawfully convicted and is now obligated to serve his sentence in TDCJ-CID unless Texas authorities choose to release him by granting parole or some other form of conditional release. Since petitioner has failed to provide any legal basis justifying his release from state confinement, he is not entitled to relief.

Petitioner has also failed to provide a legal basis for this Court to order the federal

immigration authorities to immediately take petitioner into custody and deport him, nor has he shown he has exhausted administrative remedies by requesting such action by the INS, or their successor agency. Further, Title 8 U.S.C. § 1231(a)(4)(A) provides that the Attorney General "may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment." Any request by petitioner for this Court to order INS to immediately deport him is not ripe for adjudication unless and until petitioner is actually released from TDCJ-CID and is in the custody of federal immigration officials.

## III.
## RECOMMENDATION

Based upon the foregoing, it is the opinion and finding of the undersigned United States Magistrate Judge that "Defendant's Motion for Speedy Deportation" filed by petitioner RODOLFO AVILA PICHARDO be DENIED and this case be DISMISSED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of February 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).